[Civ. No. 5628.   Third Appellate District.—July 20, 1936.]

In the Matter of the Estate of NETTIE FRISHHOLZ BARNES SMITH, Deceased. RALPH F. HEFNER, as Special Administrator, etc., et al., Appellants, v. GUS R. SMITH, Respondent.

W. E. Duncan, Jr., for Appellants.

Herbert W. Whitten and Carleton Gray for Respondent.

BRUTON, J., *pro tem.*—On May 15, 1933, Mrs. Nettie Frishholz Barnes made her will bequeathing her entire estate to certain nieces and nephews. In March, 1934, she became engaged to marry Gus R. Smith, the respondent herein, and remained engaged to him until their marriage on February 24, 1935. On January 8, 1935, Mrs. Barnes conveyed to respondent certain real estate. The granting clause of the deed is as follows:

"Witnesseth: That the said party of the first part for and in consideration of the love and affection which said party of the first part has and bears unto the said party of the second part, as also for the better maintenance, support, protection and livelihood of the party of the second part, does by these presents give, grant, alien and confirm unto the said party of the second part and to his heirs and assigns forever, all that certain lot, piece, or parcel of land, situate, lying and being in the County of Butte, State of California, and bounded and described as follows:" (Here follows a description of 100 acres of land.)

Eight days after her marriage to respondent Mrs. Smith died. The will above referred to, in which respondent was not mentioned, was offered for probate by the appellant,

Ralph F. Hefner, who was named as executor therein. ■
The probate was contested by respondent on the grounds
that he was not named in, or provided for by said will, and
that no provision had been made for him by marriage con-
tract. Upon the hearing of the contest, the will and deed
above referred to were received in evidence. Appellant made
an offer of proof by parol evidence to show the state of
Mrs. Smith's health before and at the time of her mar-
riage, and the sequence of events from her marriage to her
death. As Mrs. Smith's competency was not an issue, this
offer was properly refused.

■ The will was admitted to probate. Appellant was
appointed its executor, and the court revoked the will as to
respondent, and decreed that as to him decedent died in-
testate. The question presented is: Was the deed of Janu-
ary 8, 1935, a "marriage contract" within the meaning of
section 70 of the Probate Code? Section 70 of the Probate
Code is as follows:

"If a person marries after making a will, and the spouse
survives the maker, the will is revoked as to the spouse,
unless provision has been made for the spouse by marriage
contract, or unless the spouse is provided for in the will, or
in such way mentioned therein as to show an intention not
to make such provision; and no other evidence to rebut the
presumption of revocation can be received."

The statute above quoted limits the evidence of the "mar-
riage contract" to the instrument itself. (*Corker* v *Corker,*
87 Cal. 643 [25 Pac. 922].)

The only pertinent part of the deed of January 8, 1935,
is the granting clause that we have set out above, and the
only portions of that clause which throw any light upon the·
question in issue are the words which indicate the reason
and consideration for the conveyance, that is, "love and
affection" for, and the "better maintenance, support, pro-
tection and livelihood" of the grantee. The rest of the deed
is in conventional form.

While the code does not define the term "marriage con-
tract", the Supreme Court, in *Corker* v. *Corker, supra,*
quoting "Stewart on Marriage and Divorce", said: "Con-
tracts or conveyances in contemplation of marriage whereby
property is promised to, or settled on either or both of the
parties, by either or both of the parties or by a third party,

and contracts whereby either or both of the parties releases or modifies or agrees to release or modify his or her property rights which would otherwise arise from the marriage, are called marriage settlements or contracts.''

In the above case it appeared that a will had been made by a testator, and he subsequently thereto married. Subsequent to his marriage he and his wife entered into a contract, wherein they disposed of their property rights, and after the execution of this contract the testator died. The wife urged the revocation of the will under the provisions of section 1299 of the Civil Code (now sec. 70 of the Probate Code), on the ground that she was not mentioned in or provided for by the will, nor had provision been made for her by marriage contract. Her contention was resisted on the ground that the contract above mentioned was a marriage contract within the meaning of section 1299 of the Civil Code. In considering this question the court said: ''If the wife is not mentioned in the will he (the proponent) must show that provision has been made for her by marriage contract, and in order to emphasize the rule that the instrument itself is the only mode of proof, the section further declares: 'and no other evidence to rebut the presumption of revocation must be received'. The plain meaning of this clause is that unless the instrument shows upon its face that it is a 'marriage contract' within the meaning of the section, and by it 'provision' has been made for the wife, and that such provision was intended to take the place of testamentary provision for her, the will is revoked. The wife is not called upon to introduce any further proof, and the proponent is limited in his proof to the marriage contract itself. . . . If the instrument does not on its face purport to make provision for the wife in lieu of testamentary provision, the court cannot receive evidence of any character for the purpose of showing that such was the intention of the parties.''

In the instant case it clearly appears that the deed in question was not a ''marriage contract'', or ''marriage settlement''. It is not conditioned in any way upon marriage, nor does it appear therefrom that marriage between the parties was contemplated. Much less does it purport to regulate in any way the right of inheritance of either party. On the contrary it appears to be a mere deed of gift, the reasons for which are clearly stated to be love and

affection for the grantee, and for his better maintenance and support.

Appellant urges that *Estate of Appenfelder,* 99 Cal. App. 330, 331 [278 Pac. 473], and *In re Estate of Adler,* 52 Wash. 539, 543 [100 Pac. 1019], are authority for the statement that the provision of the statute is satisfied if it appears that "provision" was actually made for the surviving spouse. Neither of these cases so hold. In each of these cases a testator made a will wherein he named as a legatee a person whom he thereafter married, and subsequent to the marriage died without changing the ante-nuptial will. The question in issue there was whether or not the will was revoked by reason of the fact that the surviving spouse, though "provided for in the will", was not referred to in the capacity of a spouse, or intended spouse. The courts held that if the person who is the surviving spouse is actually provided for *in the will,* the will is not revoked. No question of a marriage contract was involved.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 19, 1936.